# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDALL K. VENZIE,<br><br>Petitioner,<br><br>v.<br><br>GEORGE O. ROBINSON, et. al.,<br><br>Respondents. | Civil Action No. 19-16191(RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a state prisoner currently incarcerated at the Adult Diagnostic & Treatment Center in Avenel, New Jersey. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 4). For the following reasons, the Court will dismiss the Petition for lack of jurisdiction as second or successive, deny Petitioner's motion for *pro bono* counsel as moot, and will not issue a certificate of appealability.

## I. BACKGROUND

As discussed in this Court's earlier Opinion, Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence, and this Court denied that petition. (Civ. No. 11-7404, ECF Nos. 18, 19). The victim of Petitioner's offenses was his daughter ("Daughter"), who was initially his and his wife's ("Mother") foster child. The two later formally adopted Daughter, together with the Daughter's two brothers.

When the Daughter turned six years old, Petitioner started systemically fondling her, especially when, after nightmares, she sought refuge in his and the Mother's bed. By the time the Daughter was eleven, Petitioner's conduct began to encompass oral and digital penetration, and then swiftly progressed to showing the Daughter magazine pornography, as well as pornographic video and computer images.

Apparently, when the Daughter was ten, she tried to discuss Petitioner's conduct with the Mother, but the Mother did not believe her timid statements and brushed them off. Three years later, when the Daughter turned thirteen, she confronted Petitioner about the ongoing abuse, and he promised to stop it but, after a lull, resumed. When she finally reached sixteen, the Daughter threatened Petitioner with calling the police if the abuse would not stop. The threat had its desired effect and, two months after that confrontation, Petitioner apologized and stopped.

During the investigation, Petitioner made several incriminating statements and later challenged those statements at a suppression hearing. As will be relevant to the discussion below, the state court judge that presided over the suppression hearing,[1] also presided over an adoption hearing many years prior and had granted Petitioner's application to adopt the victim. Petitioner sought the judge's recusal, alleging bias, and the judge declined to recuse. Trial counsel did not file an appeal of that decision. Additionally, at the hearing, a key detective revealed that he had destroyed his contemporaneous notes of the investigation. Petitioner alleges that counsel should have, but failed, to seek a spoliation adverse inference.

Ultimately, in October of 2003, a jury convicted Petitioner at trial. Upon Petitioner's conviction, the trial court merged the corresponding groups of child endangerment and sexual assault charges and imposed a string of concurrent sentences yielding an aggregate total of twenty-eight years minimum and sixty-seven years maximum; the trial court made this term subject to the No Early Release Act ("NERA"). In 2005, on direct appeal, the New Jersey Superior Court, Appellate Division, affirmed his conviction and sentences, but vacated the NERA component.

In 2006, the trial court resentenced Petitioner "to a sixty-seven year term of imprisonment, and imposed a twenty-three year period of parole ineligibility." *State v. R.K.V.*, No. A-3594-16T4,

---

[1] The judge that presided over the suppression hearing did not preside over Petitioner's trial.

2018 WL 5532693, at *1 (N.J. Super. Ct. App. Div. Oct. 30, 2018). Once again on direct appeal, the Appellate Division affirmed in September of 2010, and the New Jersey Supreme Court denied certification in September of 2011. *Id*.

In December of 2011, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and ultimately, this Court denied the Petition on the merits and did not issue a certificate of appealability. (ECF No. 11-7404, ECF Nos. 18, 19). Petitioner appealed, and in August of 2013, the Third Circuit denied Petitioner's request for a certificate of appealability and, in October of 2013, denied his petition for a rehearing *en banc*. In February of 2015, the Supreme Court denied *certiorari*, and in May of 2014, denied Petitioner's petition for a rehearing.

In February of 2016, Petitioner filed his first petition for post-conviction relief ("PCR"), raising the recusal issue for the first time since his trial court proceedings. The PCR court denied the petition, finding it time barred and that enforcement of the time bar would not result in a fundamental injustice. *R.K.V.*, 2018 WL 5532693, at *2. The PCR court found no basis to Petitioner's bias claims and noted that Petitioner "could have but did not raise the question of the judge's alleged partiality on direct appeal, although he otherwise challenged [the] ruling on his suppression motion." *Id*.

Petitioner appealed, and in October of 2018, the Appellate Division affirmed the application of the time bar and alternatively, denied the appeal on the merits. *Id.* at *3. In May of 2019, the New Jersey Supreme Court denied certification.

Thereafter, Petitioner filed the instant Petition, contending that his trial counsel was ineffective for: (1) failing to appeal the suppression hearing judge's refusal to recuse; (2) failing to move for an adverse inference during the suppression hearing; and (3) that the Appellate Division erred in affirming the time bar on his PCR petition.

3

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

As mentioned above, Petitioner previously filed a § 2254 petition and received a denial on the merits from this Court. Consequently, the Court must first address whether it has jurisdiction over the instant Petition.

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. Specifically, § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4) ."

The term "second or successive" habeas corpus petition under § 2254 is a term of art. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). A petition is not second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Subject to some exceptions not relevant here, a

4

petition is second or successive if: (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new petition's claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions); *see also Benchoff*, 404 F.3d at 817.

If a § 2254 petition is second or successive, the filing of such a petition is only permissible under narrow circumstances; specifically:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)
> > > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > >
> > > (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

With those principles in mind, the Court finds that the Petition is second or successive. This Court decided Petitioner's prior § 2254 petition on the merits, in March of 2013 (Civ. No. 11-7404, ECF Nos. 18, 19), and both the prior and new petitions challenge Petitioner's conviction on child endangerment and sexual assault charges. (*Compare* ECF No. 4, *with*, Civ. No. 11-7404, ECF No. 4).

5

Moreover, Petitioner *could have* raised his new claims in his prior petition. The factual predicates behind the new claims: the suppression hearing judge's refusal to recuse; his trial counsel's failure to appeal that decision; and his trial counsel's failure to ask for a spoliation adverse inference, all occurred before October 23, 2003,[2] well before Petitioner filed his first § 2254 petition in 2011.

Accordingly, the instant Petition is second or successive, and Petitioner does not allege, nor does it appear, that he has ever received permission from the United States Court of Appeals for the Third Circuit to file a second or successive § 2254 habeas petition. As a result, this Court does not have jurisdiction over the instant case. 28 U.S.C. § 2244(b)(3)(A).

In such a situation, this Court may "if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer this case to the Third Circuit, however, as it does not appear that Petitioner's filing falls within the narrow grounds for filing a second or successive petition. 28 U.S.C. § 2244(b)(2).

In particular, Petitioner knew, or could have discovered "through the exercise of due diligence," the factual predicates for his new claims before filing his first § 2254 petition. 28 U.S.C. § 2244(b)(2)(B)(i). Petitioner alleges that the information "was not available to him" until 2012, because the prosecutor's office "withheld all the transcripts" until a court order "forced" the prosecutor to send the transcripts. (ECF No. 4-4, at 9). Petitioner, however, could have obtained those records from the state courts, or through his trial and appellate counsel (who presumably had

---

[2] The date of his conviction.

access to those transcripts), or simply asked his trial counsel as to what had transpired during[3] the hearing, at any point before the filing of his first § 2254 petition, many years later, in 2011.

Accordingly, the Court will dismiss the Petition for lack jurisdiction as a second or successive petition that lacks authorization from the Third Circuit.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

---

[3] The Petition does not specify whether Petitioner was physically present at the suppression hearing.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction, deny Petitioner's motion to appoint *pro bono* counsel as moot, and will not issue a certificate of appealability. An appropriate Order follows.

Dated: March 3, 2020

    s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge